```
Maxine I. Dobro
State Bar No. 98962
105 West "F" Street, Third Floor
San Diego, California  92101
(619)  232-5044


Attorney for Defendant Eduardo Ramirez
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE JANICE SAMMARTINO)

| UNITED STATES OF AMERICA, | ) | Case No. 07-2881-JLS |
|---|---|---|
| Plaintiff, | ) | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY, AND FOR LEAVE TO FILE FURTHER MOTIONS** |
| v | ) | |
| Eduardo Ramirez, | ) | |
| Defendant. | ) | |
| | ) | **DATE: 16 NOV. 2007** |
| | ) | **TIME: 1:30 p.m.** |

### (I) STATEMENT OF FACTS

To date, counsel for Mr. Eduardo Ramirez has received 44 pages of discovery and one CD. Counsel believes that more discovery will be forthcoming. Counsel requests an opportunity to file substantive motions in the future. This statement of facts is strictly for the purposes of this motion, and is not to be considered an admission by Mr. Eduardo Ramirez, who expressly reserves the right to contradict, explain, amplify, or otherwise discuss any of the facts

07cr2881

mentioned herein after additional discovery has been provided and the case has been investigated.

Mr. Eduardo Ramirez is charged with the importation and possession with intent to distribute 76 kilos of cocaine. He was the driver and sole occupant of a vehicle which was found to contain the cocaine at the port of entry in Calexico, California.

### (II) MOTION TO COMPEL DISCOVERY

Mr. Eduardo Ramirez moves for the production by the government of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative (or other) agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989). It should be noted that the United States Attorney's Office has been forthcoming with discovery and it is anticipated that they will continue to be forthcoming. Both parties, however, may need to remind the various agencies involved to provide discovery. Additionally, Defendant requests the following discovery pursuant to Fed. R. Crim. P.16:

1.  All written or recorded statements of the defendant, including summaries thereof, made to Government agents, which are relevant to the crimes charged.

   (a). That portion of any written record containing the substance of any relevant oral statement made by the defendant, whether before or after arrest; and

   (b). The substance of any other relevant oral statement made by the defendant, whether before or after arrest, either with or without the defendant's knowledge that such persons were

Government agents at the time the statements were made;

      (c). Any written or recorded statements made by any other third party attributing said statement to the defendant which were communicated to agents or the Government or which are currently in the Government's possession.

  2. All pre-indictment and post-indictment statements of the defendant whether recorded or unrecorded, oral or written, signed or unsigned, made to persons other than Government agents, which are relevant to the crimes charged, and whom the government intends to call as witnesses in their case;

  3. All pre-indictment and post-indictment statements of the defendant whether recorded or unrecorded, oral or written, signed or unsigned, made to persons other than Government agents, which are relevant to the crimes charged and which are either exculpatory or inculpatory, whom the Government does not intend to call as witnesses in their case;

The aforementioned requests include:

      (a) All audiotapes, video tapes, transcripts, logs and other evidence memorializing or relating to conversations of the defendants obtained from any room "bug," body wire, hidden camera, or other electronic surveillance (including wiretap) conducted at any time by any government agent or informant;

      (b) All audiotapes, videotapes, logs and other evidence memorializing or relating to conversations of the defendants which were overheard in whole or in part by any government agent or informant.

  4. Documents reflecting the substance of any oral statement made by the defendant whether before or after arrest in response to

interrogation by any person other then one known to be a government agent, as well as documents relating to or reflecting the names of other government agents present at the time any such statements were made, including but not limited to, any contemporaneous notes, rough drafts of FBI 302s, or other agencies reports, audio or video tapes, or other evidence of a statement allegedly given by the defendant. The defendant specifically requests that all arrest reports which relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant are contained. It also includes the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A), 16(a)(1)(C), and Brady v. Maryland, 373 U.S. 83 (1963). See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975); United States v. Lewis, 511 F.2d 792 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y.); Loux v. United States, 389 F.2d 911 (9th Cir. 1968). The defendant also requests any Miranda warnings which may have been given to him, as well as any oral or written responses to those warning which may have been made by him on the date of his arrest. See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982);

5. Documents reflecting the substance of any oral statement to a third party which the government intends to offer in evidence against the defendant, and documents reflecting the date of any

such conversation, the name and address of the person to which the statement was made and the date and place of the statement;

6. All audiotapes, videotapes, or recordings on which the government contends the voice or image of the defendant is recorded or reflected, whether such recordings were made consensually or otherwise.

These requests apply to statements of the defendant within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorneys for the government.

7. All evidence seized as a result of any search, either warrantless or with a warrant, in this case. Alternatively, a statement that no evidence was seized as a result of any search is also requested. This is available under Fed. R. Crim. P. 16(a)(1)(C);

8. All arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. These are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i);

9. A copy of the prior criminal record, if any, of the defendant(s), including all criminal records pertaining to said defendant(s) maintained by police departments, federal agencies, department of motor vehicles, or other law enforcement offices.

This request applies to the defendant's prior criminal record (is such exists) within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorneys for the

government.

10.  All physical and documentary evidence and objects, including but not limited to all books, papers, documents, photographs, tangible objects, buildings, or places, or copies or portions thereof which are within the possession, custody, or control of the government, or which are known to the government or by the exercise of due diligence could become known to the government.

      (a)   Obtained from the defendant; or

      (b)   Which the government claims belong to the defendant; or,

      (c) Which are material to the preparation of the defense; or

      (d)   Which the government intends to introduce as evidence in its case-in-chief.

Any TECS reports run for the license plate of the vehicle(s) driven by Mr. Eduardo Ramirez is included in this request.

11.  All physical and documentary objects, as described above, which were seized pursuant to any search of Mr. Eduardo Ramirez, his vehicle, or his home, which the government intends to use or has used in connection with this case, and as to any such searches:

      (a)   Documents identifying the officers and third parties present at the time of the search;

      (b)   Documents reflecting an inventory and description of all items seized and the exact location of their seizure;

      (c)   Documents relating to or reflecting the time of the search and the time of the seizure of each item;

      (d)   Documents relating to the manner of entry into the

1  place where any items were seized; or, if such is the case,
2  (e) Documents reflecting that no evidence was seized.
3  12. All documents and other materials relating to or
4  referring to possible violations of any federal, state, or local
5  law, or internal FBI, DEA, Customs, Immigration, or Department of
6  Justice regulation, guideline, or policy in connection with the
7  investigation leading to the indictment herein.
8  This request applies to the above which are within the
9  possession, custody, or control of the government which are
10 material to the preparation of the defendant's defense or are
11 intended for use by the government as evidence in chief at the
12 trial, or were obtained from or belong to the defendant.
13 13. All information in whatever form, source, or nature which
14 tends to exculpate the defendant either through indication of his
15 innocence or through the potential impeachment of any government
16 witness, and all information which may be or become of benefit to
17 the defendant in preparing for or presenting the merits of his
18 defense at trial, or in connection with pre-trial motions herein.
19 Specifically, the defendant requests, as possibly being or leading
20 to exculpatory information, the following information:
21 (a) All evidence tending to show directly or indirectly
22 that he did not harbor the requisite intent for the crimes charged
23 or did not have knowledge or control over the actions of actual
24 perpetrators during any time period relevant to the charges herein.
25 (b) All documents, statements, agents's reports, and
26 tangible evidence favorable to the defendant on the issue of guilt
27 (or punishment) and/or which affect the credibility of the
28 government's case.  This evidence must be produced pursuant to

1  Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs,
2  427 U.S. 97 (1976). Kyles v. Whitley, 115 S. Ct. 1555 (1995) holds
3  that "reasonable probability" of a different result is now the
4  touchstone of Brady materiality.  The impact of any withheld
5  evidence is also to be considered collectively. Most importantly,
6  the individual prosecutor now has the duty to learn of any
7  favorable evidence known to others acting on the government's
8  behalf, including law enforcement officers, in order to avoid a
9  Brady violation.  Whether such prosecutor succeeds or fails in
10 meeting such obligation the prosecutions responsibility for failing
11 to disclose known, material evidence rising to a material level of
12 importance is inescapable.  It is no longer an excuse that police
13 failed to inform a prosecutor of evidence.
14       14.  The personnel file of the interviewing agent(s)
15 containing any complaints of assaults, abuse of discretion and
16 authority and/or false arrest. Pitchess v. Superior Court, 11 Cal
17 3d 531, 539 (1974).  In addition, the defense requests that the
18 prosecutor examine the personnel files of all testifying agents,
19 and turn over Brady and Giglio (see Request 18 below) material
20 reasonably in advance of trial. United States v. Henthorn, 931
21 F.2d 29, 30-31. If the prosecutor is unsure as to whether the files
22 contain Brady or Giglio material, the files should be submitted to
23 the Court, in camera. Id. The prosecution should bear in mind that
24 there exists an affirmative duty on the part of the government to
25 examine the files. Id.
26       15.  Any evidence that any prospective government witness is
27 biased or prejudiced against the defendant, or has a motive to
28 falsify or distort his or her testimony. Pennsylvania v. Ritchie,

1  480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th
2  Cir. 1988);
3      16.  Any evidence that any prospective government witness has
4  engaged in any criminal act whether or not resulting in a
5  conviction. See Rule 608(b), Federal Rules of Evidence and Brady;
6      17.  Any evidence that any prospective witness is under
7  investigation by federal, state or local authorities for any
8  criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.)
9  cert. denied, 474 U.S. 945 (1985);
10     18.  Any evidence, including any medical or psychiatric report
11 or evaluation, tending to show that any prospective witness's
12 ability to perceive, remember, communicate, or tell the truth is
13 impaired; and any evidence that a witness has ever used narcotics
14 or other controlled substance, or has ever been an alcoholic.
15 United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v.
16 North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);
17     19.  The name and last known address of each prospective
18 government witness. See United States v. Napue, 834 F.2d 1311 (7th
19 Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983)
20 (failure to interview government witnesses by counsel is
21 ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir.
22 (1979) (defense has equal right to talk to witnesses).
23     20.  The name and last known address of every witness to the
24 crime or crimes charged (or any of the overt acts committed in
25 furtherance thereof) who will not be called as a government
26 witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984);
27     21.  The name of any witness who made an arguably favorable
28 statement concerning the defendant or who could not identify him or

who was unsure of his identity, or participation in the crime charged. <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213,223 (4th Cir. 1980); <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.), <u>cert. denied</u>, 439 U.S. 883 (1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086 (1980).

22. The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982);

23. Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises express or implied made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

24. All evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior similar acts is discoverable under Fed. R. Crim. Procedure 26(a)(1)(C) and Fed. R. Evid. 404(b) and 609;

The defendant also requests the government be ordered to provide discovery of any prior similar acts which the government intends to introduce into evidence pursuant to Fed. R. Evid. 404(b). The defendant must have access to this information in order to make appropriate motions to exclude the use of such evidence at trial. See <u>United States v. Cook</u>, 608 F.2d 1175 (9th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1034 (1980);

The defendant respectfully requests that the court order the

timely provision of the above-requested discovery as follows:

(1) All Jencks material two weeks before trial, (2) an exhibit list one week before trial, (3) a witness list one week before trial, (4) any expert report the government intends to rely on during the course of the trial, to be ordered to be produced in a timely fashion and with all such reports to be provided two weeks before trial at a minimum, (5) any and all government reports which are discoverable by virtue of Rule 16, Brady, Giglio, or the Jencks Act ten days before trial.

## II
## CONCLUSION

It is respectfully requested that the court grant the above motion and that Mr. Eduardo Ramirez be allowed to file additional motions after additional discovery has been received and all discovery has been reviewed.

DATED: 2 November 2007                    Respectfully submitted,

                                                                           /s/ *Maxine I. Dobro*
                                               Maxine I. Dobro, Attorney for
                                               Eduardo Ramirez.

## CERTIFICATE OF SERVICE

I, Maxine Dobro, declare that I am over the age of eighteen and that my business address is as stated on page one of this pleading.

That on 2 November 2007 that I served this motion and notice of motion for discovery and for leave to file additional motions on Assistant United States Attorney Peter Mazza by electronically filing the same. Mr. Mazza is a recipient of ECF filings and the named government attorney in this matter.

Dated: 2 November 2007                             /s/ *Maxine I. Dobro*
                                                   Attorney for Eduardo Ramirez